**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Bryant Cameron Ashe, Jr.,<br><br>Debtor(s). | C/A No. 14-04541-HB<br><br>Chapter 13<br><br>**ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM** |

The issue before the Court is whether to apply the statute of limitations of South Carolina or Utah to a claim against the bankruptcy estate. For the reasons set forth below, the Court finds that the South Carolina statute is the appropriate authority, Ashe's Objection is sustained, and the claim is disallowed.

### FACTS

The facts are not in dispute.[1] Bryant Cameron Ashe, Jr. commenced a case in this Court under Chapter 13 of the Bankruptcy Code and American Express Centurion Bank ("American Express") filed a timely Proof of Claim (the "Claim").[2] The Claim results from an unpaid, pre-petition debt owed on Ashe's American Express credit card. Attachments to the Claim indicate that the last payment on the account occurred approximately five and one-half (5½) years prior to the filing of Ashe's bankruptcy case. Ashe listed this debt in his schedules and did not indicate that it is a disputed debt. Ashe objected to the Claim, citing as authority South Carolina's three-year statute of limitations, S.C. Code Ann. § 15-3-530 (hereinafter "SC SOL").[3]

---

[1] Joint Statement of Dispute, ECF No. 42, filed Feb. 22, 2016. This matter was initially scheduled for hearing, but the parties agreed to have the Court determine this matter based solely on the pleadings.
[2] Claim No. 6-1, filed Nov. 12, 2014.
[3] ECF No. 29, filed Nov. 10, 2015.

1

Ashe's contract with American Express—the "Agreement Between American Express Credit Cardmember and American Express Centurion Bank" (the "Agreement")—includes a choice of law provision as follows:

> **Welcome to American Express Cardmembership**
> This document and the accompanying supplement(s) constitute your Agreement. Please read and keep this Agreement. Abide by its terms. When you keep, sign or use the Card issued to you (including any renewal or replacement Cards), or you use the account associated with this Agreement (your "Account"), you agree to the terms of this Agreement.
> . . .
> **Applicable Law**
> This Agreement and your account, and all questions about their legality, enforceability and interpretation, are governed by the laws of the State of Utah (without regard to internal principles of conflicts law), and by applicable federal law. We are located in Utah, hold your Account in Utah, and entered into this Agreement with you in Utah.

Utah Code Add. § 78B-2-309 (2007) (hereinafter "Utah SOL") provides a six-year statute of limitations.

### DISCUSSION AND CONCLUSIONS OF LAW

Based on the stipulated facts and applicable authorities, if the SC SOL applies, the Claim is disallowed. *See In re Vaughn*, C/A No. 15-02896-dd, slip op. (Bankr. D.S.C. Sept. 2, 2015); *In re Cunningham*, C/A No. 15-02658-hb, slip op. (Bankr. D.S.C. Sept. 3, 2015). If the Utah SOL applies, Ashe's Objection must be overruled.

A federal court sitting in diversity must apply the conflict of law rules of the forum in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). In *In re Merritt Dredging Co., Inc.*, the Fourth Circuit determined that the *Klaxon* rule extends to bankruptcy cases. 839 F.2d 203, 205–06 (4th Cir. 1988). Therefore, South Carolina's conflict of law rules apply to this dispute. *See Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 653 (4th Cir. 2010) ("[F]or an action filed in [a federal court sitting in] South Carolina, South Carolina law would be

2

consulted for its choice of law rules, and under those rules, South Carolina law would give effect to the parties' choice of law as specified in the contract.").

Under South Carolina conflict of law principles, the court will honor a choice of law clause specifying a law under which the contract should be governed, *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 728 (D.S.C. 2007), unless the enforcement of the designated law is "against good morals or natural justice, or for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens." *Rogers v. Lee*, 414 S.C. 225, 235, 777 S.E.2d 402, 407 (Ct. App. 2015), *reh'g den.* (Oct. 23, 2015) (internal quotations omitted) (citing *Boone v. Boone*, 345 S.C. 8, 13, 546 S.E.2d 191, 193 (2001)); *see also Nash v. Tindall Corp.*, 375 S.C. 36, 650 S.E.2d 81, 83–84 (2007). The fact that the law of two states may differ does not necessarily imply that the law of the foreign state violates the public policy of the forum state. *Rauton v. Pullman Co.*, 183 S.C. 495, 191 S.E. 416, 422 (1937).

South Carolina case law indicates that with respect to substantive contractual issues, traditional conflict of law rules should only apply in the absence of an express provision designating the applicable law governing the contract. *Team IA, Inc. v. Lucas*, 395 S.C. 237, 249, 717 S.E.2d 103, 109 (Ct. App. 2011) (reversing the trial court because the trial court applied traditional conflict of law rules to substantive issues despite the presence of a choice of law clause). However, in South Carolina, "[a] statute of limitations is a **procedural** device that operates as a defense to limit the remedy available from an existing cause of action." *Capco of Summerville, Inc. v. J.H. Gayle Const. Co.*, 368 S.C. 137, 142, 628 S.E.2d 38, 41 (2006) (emphasis added); *see also Thornton v. Cessna Aircraft Co.*, 703 F. Supp. 1228, 1230 (D.S.C. 1988) *aff'd and remanded*, 886 F.2d 85 (4th Cir.

3

1989) ("A statute of limitations, which requires an action to be brought within a fixed time following accrual of a cause of action, is generally procedural because it affects the remedy rather than the right."). Thus, the issue in this matter is whether this Court should apply the *procedural* rules of South Carolina despite the presence of a choice of law provision in the Agreement designating Utah law. South Carolina authority on this issue is scarce;[4] therefore, other sources that may offer guidance were considered.

Conflict of law rules for the majority of states apply the procedural law of the forum state regardless of whether a choice of law clause is present in the contract. *See MedCap Corp. v. Betsy Johnson Health Care Sys., Inc.*, 16 F. App'x 180, 182 (4th Cir. 2001) (applying the statute of limitations of the forum state, North Carolina, even though the contract included a choice of law provision providing that the law of Indiana governs its construction.); *Gas Tech. Inst. v. Rehmat*, 524 F. Supp. 2d 1058, 1069 (N.D. Ill. 2007) ("Illinois applies forum law to procedural matters, which include statutes of limitations. This is true even where the litigants are parties to a contract containing a choice of law provision.") (internal quotations omitted); *Zanfardino v. E-Sys., Inc.*, 652 F. Supp. 637, 639 (S.D.N.Y. 1987) ("Under New York law, a choice of law clause is honored, but operates only to import the substantive law of the selected state."); *In re Lewis*, 517 B.R. 615, 619 (Bankr. E.D. Va. 2014) (applying Virginia law to procedural issues despite a choice of law clause in the agreement); *Dunlop Tire & Rubber Corp. v. Ryan*, 171 Neb.

---

[4] The Court is aware of several unpublished opinions in South Carolina that have applied the procedural law of South Carolina regardless of a choice of law provision in a contract. *See Ga. Bank & Trust Co. of Augusta v. Trenery, Jr.*, C/A No. 3:08-2371-JFA, 2010 WL 3271732, at *1 (D.S.C. Aug. 18, 2010), (applying South Carolina's statute of limitations even though the contract provided that Georgia law applies); *see also Skywaves I Corp. v. Branch Banking and Trust Co.*, C/A No. 2009-CP-10-7516 (S.C. Cir. Feb. 9, 2015) (Young, J.) ("Parties to a contract are free to include in their agreement a provision as to the applicable law; however, such an agreement would only be effective as to substantive issues, and would not be used by the forum as a reference point for determining, for instance, the applicable statute of limitations.").

4

820, 824, 108 N.W.2d 84, 88 (1961) (applying the procedural law of Nebraska despite the presence of a provision within the contract designating New York's statute of limitations); *Galliher v. State Mut. Life Ins. Co.*, 150 Ala. 543, 546, 43 So. 833, 834 (1907) (rejecting the shorter limitation period set forth in a contract and stating, "all remedies on contracts, whether made in or out of [Alabama], must be governed by our own laws, when the suit is brought here, without regard to the remedies afforded by the laws of other countries"); *Adams Exp. Co. v. Walker*, 119 Ky. 121, 83 S.W. 106, 107 (1904) (applying Kentucky's procedural law and rejecting a provision limiting the statute of limitations in a contract, finding that enforcement of such would violate public policy); *Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790, 795, 181 Cal. Rptr. 340, 342 (Ct. App. 1982) (applying California's statute of limitations to a contract because applying Kentucky procedural law, as set forth in the contract, would be against the protective public policy of California). Following the majority of courts that have weighed in on the issue, this Court will apply the procedural rules of the forum state, South Carolina.

Other states recognize a choice of law clause as being applicable to procedural matters only if expressly provided in the relevant contract provision. *See Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 834 (N.D. Ohio 2010) ("Absent express language in the choice of law provision indicating that the parties intend another state's statute of limitations to apply, the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract."); *Unisys Fin. Corp. v. U.S. Vision, Inc.*, 428 Pa. Super. 107, 112, 630 A.2d 55, 58 (1993) ("Regarding the choice of law provision in the lease, such clauses do not apply to questions of applicability of the chosen state's statute of

5

limitations unless they expressly so provide."). The choice of law provision in the Agreement between American Express and Ashe does not specifically state that it applies to any limitation period. If the Court follows this view, the procedural rules of South Carolina are applicable here.

Furthermore, application of SC SOL to the Claim promotes the public policy of South Carolina because it provides the shorter limitations period imposed to protect South Carolina debtors from stale claims. South Carolina law recognizes that "[s]tatutes of limitations embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs." *Moates v. Bobb*, 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct. App. 1996). "One purpose of a statute of limitations is to relieve the courts of the burden of trying stale claims when a plaintiff has slept on his rights." *Id.* (quoting *McKinney v. CSX Transp., Inc.*, 298 S.C. 47, 49–50, 378 S.E.2d 69, 70 (Ct. App. 1989)).

The three-year statute of limitations applies to American Express' Claim in this South Carolina federal forum and, therefore, American Express' efforts to collect on this debt are barred.

**IT IS, THEREFORE, ORDERED** that Ashe's Objection to Claim is sustained and the Claim is disallowed.

**FILED BY THE COURT**
**03/18/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 03/18/2016

6